IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NATIONWIDE HOLDINGS, L.L.C., )
)
Plaintiff, )
)
vs. ) No. 05 C 5637
)
GENERAL MOTORS CORPORATION, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

According to the complaint, plaintiff leased a facility to an automobile dealer, Park Plaines Chevrolet GEO, Inc. (PPC), in 1998. General Motors Corporation (GMC) acquired all the stock of PPC on July 13, 2002, but PPC continued to operate as a wholly-owned subsidiary until August 2, 2002. Plaintiff and PPC, on August 16, 2000, extended the lease to July 31, 2005, and apparently also on August 16, 2000, PPC assigned its obligations under the lease, as amended, to GMC. PPC went out of business on August 2, 2002, and abandoned the premises. According to plaintiff, despite its efforts to get GMC to keep up the property, nothing has been done and the property has rapidly deteriorated. We assume that somehow the rent got paid until the lease expired. In any event, plaintiff does not sue for unpaid rent; it does, however, want GMC to fix the place up, as required by the lease. Also, plaintiff wants to be compensated for its loss of use since the lease expiration because the property in its present state of disrepair cannot be put to profitable use and continues to accumulate tax and insurance expenses. GMC now moves to dismiss. That motion is denied.

GMC's motion is based on four premises. It contends that plaintiff is not entitled to specific performance, which, it is clear, is plaintiff's preferred relief. It argues that its assumption of the lease obligations is a legal conclusion without factual support. Plaintiff, it claims, has failed to allege compliance with the provisions of section 7 of the lease. And any

obligation it may have is to deliver the property in "good order, condition and repair," not, as plaintiff alleges, "first-class order and repair.

It may well be that plaintiff is not entitled to specific performance, even if GMC is liable, although we are reluctant to so conclude solely upon the allegations of the complaint. It is entirely possible that specific performance would require the court to engage in protracted supervision and direction. *See* New Park Forest Association II v. Roger Enterprises, Inc., 195 Ill.App.3d 757, 552 N.E.2d 1215 (1st Dist. 1990), Bissett v. Gooch, 87 Ill.App.3d 1132, 409 N.E.2d 515 (2d Dist. 1980). But even if we so concluded, that would not end the case. Plaintiff has not contended that it wants specific performance or nothing. It seeks money damages for certain alleged losses, as well as such other relief as the court deems just and proper.

Plaintiff has alleged that GMC assumed the lease obligations. For now, that is enough. Plaintiff could have, pursuant to section 7 of the lease, sent a notice to the lessee of necessary repairs and replacements and, if the work was not done, declared the lease in default and entered the premises to do the work itself. But it was not required to follow that procedure. It allegedly did notify GMC, but it did not have to declare the lease in default and do the work itself. It chose, rather, to sue after the lease ended. If GMC had an obligation to repair and replace, plaintiff could wait until after the expiration. Finally, the allegations make clear that plaintiff contends that the property was neither in "good order, condition or repair," nor in "first class order and repair" when the lease terminated. The appropriate standard does need to be sorted out, but a failure to do so at this stage is not fatal to the complaint.

JAMES B. MORAN  
Senior Judge, U. S. District Court

Dec. 28, 2005.